UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-0194-CVE |
| ) | |
| GARY LYNN LOGSTON, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Unopposed Motion to Amend Change of Plea Forms (Dkt. # 20) and the Motion for Fifth And Sixth Amendment Rights Regarding Sentencing Enhancements (Dkt. # 21) and filed by defendant Gary Lynn Logston ("Logston").

In his motion for Fifth and Sixth Amendment rights, defendant asks this Court to find beyond a reasonable doubt any facts, other than prior convictions, that are not admitted by him, both with respect to upward departures and upward variances (non-guidelines sentences). In his motion, defendant notes, "current Supreme Court and Tenth Circuit law is contrary to this Motion, and this Motion is made to preserve Mr. Logston's rights." Dkt. # 21, at 1.

Under current Tenth Circuit law, the Court may rely on facts not found by a jury to enhance defendant's sentence. See United States v. Bustamante, 454 F.2d 1200, 1202 (10th Cir. 2006). Further, the Court may make a determination of sentencing facts by the preponderance of the evidence test, and not the beyond a reasonable doubt test. See United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005); United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005) ("[United States v. Booker, 526 U.S. 227 (1999)] therefore does not render judicial fact-finding by

a preponderance of the evidence per se unconstitutional.  The remedial portion of Booker demonstrates that such fact-finding is unconstitutional only when it operates to increase a defendant's sentence *mandatorily*.").  This Court is bound by the law in this circuit.  Thus, it finds that defendant does not have a right to a jury determination of facts, beyond a reasonable doubt, which would result in an increase of the applicable advisory guidelines sentence, so long as that sentence does not exceed the statutory maximum sentence.

Defendant makes clear that he presents his motion "so that he can later seek a change in law."  Dkt. # 21, at 3.  Defendant points to Justice Alito's dissent in Cunningham v. California, 127 S. Ct. 858 (2007), joined by Justices Kennedy and Breyer.  He contends that this dissent provides reason to anticipate that the Supreme Court may overturn Booker.  Further, defendant points to concerns that the Tenth Circuit has developed "a system of appellate review that seeks to return this circuit, *de facto*, to a mandatory system."  United States v. Mateo, 471 F.3d 1162, 1173 (10th Cir. 2006) (Murphy, J., joined by Kelly, J., concurring).  The Court expresses no opinion whether defendant's predictions are accurate or whether the Supreme Court will rule that the current Tenth Circuit law is unconstitutional.[1]  As it stands today, Tenth Circuit law is clear that defendant is not entitled to the rights he asserts in his motion for Fifth and Sixth Amendment rights.  Therefore, the Court denies defendant's motion for Fifth and Sixth Amendment rights regarding sentencing enhancements.  Defendant has adequately preserved the issues raised in his motion for appeal.

---

[1]  The Court notes that two federal sentencing guidelines cases, Claiborne v. United States, 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (Nov. 3, 2006) (No. 06-5618), and Rita v. United States, 177 Fed. Appx. 357 (4th Cir., May 1, 2006), *cert. granted*, 127 S. Ct. 551 (Nov. 3, 2006) (No. 06-5754), are now pending before the Supreme Court.

Given defendant's desire to challenge the existing Tenth Circuit law regarding sentencing enhancements, the Court recognizes the need to alter its form petition and waiver of jury form **for this case only**.  Specifically, defendant does not wish to waive his right to trial by jury as to sentencing.  In his unopposed motion to amend the change of plea form, defendant set forth the proposed modifications of the waiver of jury form and the petition to enter plea of guilty form.  The Court hereby approves the proposed modifications for this defendant only, as outlined in pages 6 - 9 of Dkt. # 20.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Amend Change of Plea Forms (Dkt. # 20) is hereby **granted for this case only**.

**IT IS FURTHER ORDERED** that Motion for Fifth And Sixth Amendment Rights Regarding Sentencing Enhancements (Dkt. # 21) is hereby **denied**.

**DATED** this 6th day of March, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT